[Crim. No. 5947. Second Dist., Div. One. Nov. 7, 1957.]

THE PEOPLE, Respondent, v. FRED R. COGGAN, Appellant.

Harold J. Ackerman for Appellant.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

DRAPEAU, J.*—Defendant in this case was charged with six counts of grand theft, and with one count of violating subdivision (b) of section 3020 of the Corporations Code of this state—destroying, altering, mutilating, or falsifying corporate records with intent to defraud.

He was found guilty by a judge of the superior court of two counts of grand theft, counts 1 and 6, and of count 7, violating the section of the Corporations Code named. He was found not guilty of the other counts. An allegation of having suffered a prior felony conviction, for which he served time in the penitentiary, was found to be true.

*Assigned by Chairman of Judicial Council.

He appeals from the judgment, and from "the order denying a Motion for New Trial. . . ." The record, however, does not show that a motion for a new trial was made.

Defendant's only ground of appeal is that there was no substantial evidence to support the three counts of which he was convicted.

Defendant was secretary and treasurer of two corporations: Belco Products Corporation and Cochrane-Barron Company. The corporations maintained one office together. Irving M. Cochrane was president of both corporations.

Defendant's duties were to keep the books of the two corporations, to act as general manager, to prepare checks, and to handle their bank accounts. He was authorized to sign checks for Belco only, and then only with another officer of that corporation.

The facts will be stated separately as to each count.

Count 1. Defendant prepared a check for $350.28, payable to himself. He signed this check, and, at his request, the vice-president of the Belco corporation, Mr. Miller, also signed it. He told Mr. Miller that he had made the check payable to himself so that he could buy an adding machine for cash, and get a discount for the company.

He deposited the check in his own bank account, and the corporation never got the adding machine for which the check was written.

Defendant testified on his trial that he gave the money to a jobber named Weldron, who was to purchase the adding machine; but he couldn't get Weldron to come to Los Angeles and testify. In any event, Weldron never appeared, nor could he be found.

Of course, a different finding of not guilty could have been made from defendant's testimony. But, as has so often been said, it is not the function of reviewing courts in California to weigh the evidence. As our Supreme Court has said, "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact." (*Grainger* v. *Antoyan,* 48 Cal.2d 805, 807 [313 P.2d 848].)

Tried by this rule, it is obvious that the evidence in this case supports defendant's conviction of this count.

Count 6. Among the records of Belco corporation were sales invoices for purchase orders totaling $495. The pur-

chaser's check in payment for these orders was endorsed by defendant; the check was deposited in his account; and the money never was received by the corporation.

Defendant testified that he considered this a loan, authorized by Mr. Cochrane, and that he repaid the money. But there was testimony to the contrary. The money was not received by Belco. And Mr. Cochrane testified that he did not authorize defendant to endorse the check or to deposit it in his own bank.

Again, it is obvious that defendant's conviction of this count is supported by substantial evidence.

 Count 7. Destroying corporate records.

When defendant's employment was terminated, his successor couldn't find the bank statements necessary to reconcile the corporate books.

Defendant had been authorized to pick up the statements from the bank, and he receipted for them. He brought in the September, 1955, Cochrane-Barron statement, but he never brought in the October or November statements. He said he may have taken them home to work with them, but if he had, he couldn't find them.

The check for $350.28 for the adding machine was missing; also the original invoices for the purchase orders involved in count 6.

The evidence as to this count is not as convincing as in counts 1 and 6. But, in view of all the facts in the case, we cannot say that there was no substantial evidence to support the conviction. (See *People* v. *Burman*, 138 Cal.App.2d 216 [291 P.2d 49].)

The judgment is affirmed; the purported appeal from the nonexistent order denying defendant's motion for a new trial is dismissed.

White, P. J., and Fourt, J., concurred.